## CHAFFIN ET AL. V. McFADDEN.

1. PLEADING: *Complaint to enforce material-man's lien.*
   A complaint to enforce a material-man's lien must allege the performance of all the acts necessary under the statute to secure the lien.

2. DEFAULT: *Admits only allegations of the complaint.*
   A default after due service of summons admits only the allegations of the complaint, and if they are insufficient to support the judgment it will be reversed.

APPEAL from *Jefferson* Circuit Court.
Hon. X. J. PINDALL, Circuit Judge.

*Martin, Taylor & Martin* for appellee:
G. W. Chaffin was in no attitude to complain of the judgment *in rem*, for he was not the owner; and Mrs. Chaffin has no standing in court, after suffering a default, without motion to set aside, accompanied by a meritorious answer, which should appear in the bill of exceptions. *38 Ark., 594.*

The complaint and account together fulfill all the requirements of the statute. *Cohn v. Hager, 30 Ark., 25.*

The lien does not grow out of the contract, but the use of materials furnished; it is the putting them upon and attaching them to the freehold that gives the right of lien. *39 Ark., 29; Houck on Liens, sec. 3, p. 106 and 112; Hunter v. Blanchard, 18 Ill., 323.*

### STATEMENT.

ENGLISH, C. J. On the ninth of August, 1881, R. II. McFadden filed the following complaint in the circuit court of Jefferson county, and a summons was issued thereon:

"The plaintiff, R. H. McFadden, states that the defendants, Mrs. E. H. Chaffin and George Chaffin, owe him the sum of one hundred and ninety dollars and twenty-hundredths for materials furnished by plaintiff for defendants, for the building and erection of a dwelling house in Pine Bluff, and on lots 7 and 8 in block 24 in W. A. W. of said town. The bill of particulars of which are set out in an account filed herewith and made part of this complaint; wherefore, he pays judgment for $190.20 for said materials, etc."

The account sued on was filed with the complaint, and attached to it an affidavit purporting to have been filed with it in the circuit clerk's office on the fifteenth of June, 1881, in compliance with *sec. 4060, Gantt's Dig.*, title, *Liens Mechanics*, and the endorsement required by sec. 4061, to be made by the clerk.

Mrs. Chaffin, who was duly served with process, made no appearance, and default was entered against her.

George Chaffin demurred to the complaint on the grounds:

1. That it did not allege facts necessary for securing a lien under the statute.

2. That it did not state facts sufficient to constitute a cause of action.

3. That it did not sufficiently describe the property sought to be charged with a lien.

The court overruled the demurrer, and George Chaffin filed a seperate answer, in which he did not deny the debt, but disputed the lien.

The case was submitted to the court as a jury, and the court found in favor of plaintiff for both debt and the lien, and rendered judgment against both defendants for the debt, and condemned the lots for its satisfaction.

Both defendants filed a motion for a new trial, which was overruled, and they took a bill of exceptions and appealed.

Chaffin et al. v. McFadden.

OPINION.

I. The complaint sufficiently alleged a personal cause of action against both of the defendants. Mrs. Chaffin, by failing to answer, admitted her personal liability, and on the trial the debt was well enough proved against her.

George Chaffin did not deny the debt in his answer, and, as a witness on the trial, he admitted his personal liability for it.

The personal judgment against both appellants was, therefore, right.

1. COMPLAINT TO ENFORCE, Material mans lien; Essentials

II. The complaint did not aver all the facts necessary to constitute a material-man's lien on the lots, nor pray judgment for a lien. No compliance with the requirements of the statute to fix a lien was alleged.

The complaint did not allege that within ninety days after the materials were furnished, or at any time, an account properly verified, &c., of the demand, &c., with a description of the property to be charged with the lien, was filed in the office of the clerk of the circuit court, &c., as it should have done. *Gantt's Dig.*, sec. *4060*, *4067*; *Ark. Cent. R. R. Co. v. McKay, 30 Ark., 682; Hicks et al. v. Branton et al., 21 Ark., 186.*

The statute expressly provides that when suit is brought to enforce the lien, "the petition, among other things, shall allege the facts necessary for securing a lien under the act, and a description of the property charged therewith." *Gantt's Dig.*, sec. *4066–7.*

1. DEFAULT. Admits only allegations of complaint

Mrs. Chaffin, by her default, did not admit that a lien had been fixed on the lots for the debt, for the necessary facts to constitute a lien were not alleged in the complaint. And the court erred in overruling the first assignment in the demurrer of George Chaffin.

No doubt the appellee intended to claim and enforce a lien in this suit, but his complaint was fatally defective for that purpose, and did not warrant so much of the judgment as is *in rem.*

So much of the judgment as is *in personam* is affirmed. so much as is *in rem* is reversed, and the cause remanded with leave to appellee to amend his complaint if he shall elect further to prosecute the suit to enforce a lien upon the lots.