TYNON ET AL. VS CROWELL.

Opinion delivered October 6, 1900.

*1.—Action on Account—Begun in Indian Courts—Jurisdiction of U. S. Courts.*

When actions begun in the Indian courts are transferred to the United States courts, in accordance with Act Cong. June 28, 1898, the latter court acquires full jurisdiction to proceed with the trial of the case and dispose of the same on the papers before it. Citing Boudinot vs Boudinot, 2 Ind. Ter. 107.

*2. Action on Account—Complaint—Default Judgment—Verdict of Jury Unnecessary.*

Where a complaint in an action on account for goods sold, stated the amount of plaintiff's claim, with statement of account duly sworn to, and upon the overruling of his demurrer, defendant declines to plead further, a judgment may properly be rendered against the defendant by the court, no verdict of jury being necessary.

Appeal from the United States Court for the Northern District of the Indian Territory,

WILLIAM M. SPRINGER, Judge.

Action by Francis M. Crowell against Andy Tynon and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

This action was originally instituted in the circuit court of Delaware district, Cherokee Nation, and was pending in said court when the act of Congress was passed abolishing the Indian courts; and it was transferred to the United States court under and by virtue of the act of Congress of June 28, 1898, and the papers were filed in the district court for the northern district of the Indian Territory on the 16th

day of January, 1899.    The papers filed were a citation in
the Indian court, the service of said citation, a motion to
dismiss the case because the plaintiff has no bond, the cost
bond filed in the Indian court, and motion for continuance;
and the following notice was filed on the 21st day of January,
1899, directed to Andy Tynon and Eudotia Tynon, the above-
named defendants: "You are hereby notified that the case of
F. M. Crowell against you, which was pending in the circuit
court of Delaware district, Cherokee Nation, has been trans-
ferred by order of court to the United States court at Vinita,
and placed on the docket of said court for trial, and will
stand for trial on said docket as soon as same can be
reached in the ordinary course of business.    You will
therefore govern yourself accordingly, and be present to
make such defense as you desire.    This 21st day of January,
1899. James S. Davenport, Attorney for Plaintiff." The
same was served on the 10th day of February, 1899, by J.
B. Woodall.    On the 25th day of March, 1899, there was filed
a separate demurrer of Mrs. A. Tynon.    On the 10th day
of April, 1899, there was filed in said cause an amended
complaint, which alleges: "That defendants were in-
debted to the plaintiff in the sum of $300.80, together with
interest at the rate of six per cent. per annum from the
12th day of March, 1895, the day this suit was filed in the
circuit court of Delaware district, Cherokee Nation, as will
be shown by the original citation hereto attached and made
a part hereof; and evidences of indebtedness will be shown by
sworn, itemized statements of account filed in the original
suit, which are herewith exhibited and placed with the files
of this suit.    That no part of the indebtedness in this case
has been paid since the institution of the suit in the Chero-
kee court on the 12th day of March, 1895, though payment
has been demanded and refused.    That preliminary plead-
ings on the grounds of misjoinder were filed in this case in
the circuit court of Delaware district, Cherokee Nation, and
the case was appealed to the supreme court of the Cherokee

Nation, and the case was there reversed and remanded for a new trial. A certified copy of the opinion of the supreme court of the Cherokee Nation is herewith filed and made a part of this complaint, and the Cherokee law upon which the suit is based is found on page 239 of the Compiled Laws of the Cherokee Nation of 1892. That after the judgment of the supreme court of the Cherokee Nation was rendered, remanding the suit back to the circuit court of Delaware district, Cherokee Nation, on the 26th day of April, 1898, this case was tried before a jury in the circuit court court of Delaware district, Cherokee Nation, and the jury returned into open court the following verdict: 'Delaware District, Cherokee Nation, April 26, 1898. We, the jurors, render our verdict in favor of the plaintiff. J. H. Noll, Foreman of the Jury.' That upon said verdict a judgment was entered for the plaintiff, and the defendants perfected their appeal to the supreme court of the Cherokee Nation, as will be shown by the appeal bond filed in the case, to which reference is made." The plaintiff further alleges that the case having been tried, and a verdict rendered in the court below for the above-named plaintiff, plaintiff comes into this court, and, after pleading the judgment of the supreme court of the Cherokee Nation, the law upon which it is based, and the verdict of the jury in the lower court, asks that he have judgment upon the verdict rendered in the lower courts of the Cherokee Nation for the sum of $300.80, together with interest at the rate of 6 per cent. per annum from April 12, 1895, and for costs of suit. There was filed also a statement of account, and in regard thereto is filed this stipulation: "It is hereby stipulated by and between J. B. Turner and G. B. Denison, attorneys for appellant, and James S. Davenport, attorney for appellee, that in the printing of the record in this case the statement of accounts which are made exhibits to the complaint and amended complaint in this case may be omitted from the printed record, and that this agreement be

filed of record with the clerk of the above court and printed in the record. John B. Turner and G. B. Denison, Attorneys for appellant. J. S. Davenport, Attorney for Appellee.'' There was filed an amendment to the amended complaint, as follows: ''The plaintiff, by leave of court, amends his amended complaint by alleging that the original papers in said case have been transferred from the circuit clerk's office in Delaware district and filed in this court, under the general order of court, and that the same was filed in this court, of the jurisdiction of the Cherokee court [two words here; cannot decipher]. J. S. Davenport, Attorney for Plaintiff.'' On the 18th day of April there was filed a demurrer to the second amended complaint; on the 13th day of April there was filed in the office of the clerk, in said cause, demurrer to the amended complaint; and on April 10, 1899, there was filed in the office of the clerk, in said cause, motion for judgment, which is in words and figures as follows, to-wit: ''Comes now the above-named plaintiff, F. M. Crowell, and moves the court to render a verdict upon the pleadings in this cause for the sum they show a judgment was rendered for him in the circuit court of Delaware district, Cherokee Nation, for the amount sued for. That no pleadings have been filed raising the question of fraud in the judgment, or any question to any right the defendants could plead. James S. Davenport, Attorney for Plaintiff.'' On the 13th day of April, 1899, cause came on to be heard upon the plaintiff's complaint and itemized sworn account, and his amended complaint filed herein, and the plaintiff appeared in person and by attorney, J. S. Davenport, and defendants appeared by their attorney, John B. Turner, and filed a demurrer to the second amended complaint. Demurrer was overruled, to which the defendant duly excepted, and the plaintiff moved the court for a judgment, which motion was granted. A stipulation appears in the record as follows: ''It is hereby agreed by and between J. S. Davenport and W. P. Thomp-

son, attorneys for appellee, and John B. Turner and George
B. Denison, attorneys for appellants, as shown by the min-
utes of the judge's bench docket in the trial court in the
above case, wherein F. M. Crowell was plaintiff and Andy
Tynon and wife were defendants, that when they demurred
to the second amended complaint it was overruled, and ex-
cepted to by the defendant; that the defendant declined to
plead further, and the plaintiff then moved for judgment on
the pleadings." It was further ordered and adjudged by the
court that the plaintiff have and recover of and from the de-
fendants the sum of $372.96 and costs of suit, and that exe-
cution issue therefor. Defendants excepted to rendition of
judgment, and prayed an appeal to this court, which was al-
lowed.

*John B. Turner* and *George B. Denison*, for appellants.

*James S. Davenport* and *Will P. Thompson*, for appellee.

TOWNSEND, J. The appellants file six specifications
of error, as follows: "(1) The trial court erred in overruling
the demurrer of the defendants to the second amended com-
plaint of appellee, which error was duly excepted to at the
time. (2) The trial court erred in granting the motion of
appellee for the judgment upon the pleadings, which error
was duly excepted to at the time. (3) The trial court erred
in granting judgment for the appellee and against the appel-
lants, which error was duly excepted to at the time. (4) The
court erred in rendering judgment for the appellee and
against the appellants without the intervention of a jury.
(5) The court erred in rendering judgment for the appellee
and against appellants, when the second amended complaint
did not state facts sufficient to constitute a cause of action.
(6) The court erred in rendering judgment upon an alleged
judgment of the circuit court of the Delaware district in an

action removed from such court into the United States court, which error is manifest upon the record.''

Appellants' counsel devote several pages of their brief in the discussion of the question whether the act of Congress which directed that the papers in cases pending in the Indian courts be transferred to the United States courts and filed with the clerk authorized the United States courts to take jurisdiction of and proceed with the trial of the cause. As that question has been passed upon and settled in this court in the case of Boudinot vs Boudinot, 2 Ind. Ter. Rep. 107, it needs no further consideration.

*Jurisdiction of U. S. Courts.*

The assignments of error Nos. 1, 2, 2, 3, 5, and 6, they consider together, and base their argument wholly on the idea that the complaint does not state a cause of action, or facts sufficient to authorize the trial court to render judgment. The amended complaint alleges "that the defendants are indebted to plaintiff in the sum of $300.80, together with interest at the rate of six per cent. per annum from the 12th day of March, 1895, * * * as will be shown by the original citation hereto attached and made a part hereof,'' which citation alleges the amount of the indebtedness to be $300.80, and that said defendants are justly indebted to him in said sum for goods and merchandise furnished them by him for their use and benefit and the use and benefit of their family, and for which they agreed to pay, "and evidences of indebtedness will be shown by sworn, itemized statements of the account filed in the original suit, which are herewith exhibited and placed with the files of this suit. That no part of the indebtedness has been paid, though payment has been demanded and refused.'' The plaintiff further alleges that there was a verdict for plaintiff in the Indian court before the transfer to the United States court, and asks judgment for the amount of the indebtedness alleged to be due upon the verdict that had already been rendered in the Indian

*Pleading. Complaint*

court.   We think that the complaint states a good  cause of action,  and  that  assignments  Nos. 1, 2, 3, 5 and 6  are  not well taken.

<div style="margin-left:2em">Default.<br>Judgment.</div>

The fourth assignment of error is that the court below could not render judgment without the intervention of a jury.   The record discloses that the  defendants  filed a general demurrer to the complaint, and, when the same was overruled, declined to plead further, and on  plaintiff's  motion default judgment was  entered against  the  defendants. A default judgment admits the allegations of the complaint. Chafflin vs McFadden, 41  Ark. 42.    The complaint below fully stated the amount of the debt, and  in  our  opinion the judgment of the court below was correct, and  it is therefore affirmed.

CLAYTON, C. J., and THOMAS and GILL, JJ., concur.