WHITENER v. PURIFOY.

Opinion delivered April 30, 1928.

*J. T. Richardson,* for appellant.
*John L. McClellan,* for appellee.

SMITH, J. Appellee obtained a decree in the court below enforcing a mechanic's lien against a building owned by appellant and the acre of land upon which the building stands. For the reversal of this decree it is insisted that the lien claimant did not, within ninety days after the building material had been furnished, file with the circuit clerk, as required by § 6922, C. & M. Digest, "a just and true account of the demand due or owing to him, * * * and containing a correct description of the property to be charged with said lien, verified by affidavit."

The affidavit was dated and filed December 28, 1925, and the account, which was verified, showed that one brick-trowel had been furnished under date of 10-1-15, and that six sheets iron roofing had been furnished under date of 10-20-25. Plaintiff had previously furnished a bill for material under a date more than ninety days prior to the date of the affidavit, but the two items above-mentioned were furnished within the ninety days, and, as these items were a part of the material furnished, the affidavit filed sufficed to bring the entire demand within the provisions of the statute, as it has been many times held that the affidavit is filed within the time required by law if it is filed within ninety days of the date of the last item on the account.

In the case of *Ferguson Lbr. Co.* v. *Scriber,* 162 Ark. 349, 258 S. W. 353, all the items of the account had been furnished more than ninety days before the filing of the statutory affidavit, except some cement, which was furnished to put around a leaking flue. We held that, as the cement had been furnished within the ninety days, the affidavit was filed in apt time. In so holding we said: "The statute contemplates that the items will bear different dates; in other words, that there will be items of debit and credit, and the requirement of the statute is that, within ninety days of the date of the last item debited, the account shall be filed" (Citing cases).

The affidavit described the house into which the materials went as being in the southwest quarter of the northwest quarter section 3, township 8 south, range 15 west, and the southeast quarter of the northeast quarter section 4, township 8 south, range 15 west, in Dallas County, Arkansas, and the identical description was employed in the original complaint, but, before the final submission of the cause, the complaint was amended to describe, by metes and bounds, the acre of land upon which the house was located and against which the lien was claimed.

The two 40-acre tracts of lands described in the affidavit and the original complaint, although in different sections, are adjacent, and together comprise defend-

ant's farm. The amendment to the complaint shows the location of the house on the southwest quarter of the northwest quarter section 3, township 8 south, range 15 west, but, as there is only one dwelling-house on the land, there can be no uncertainty as to the house upon which the lien is claimed.

Appellant cites and relies upon the case of *Arkmo Lbr. Co.* v. *Cantrell,* 159 Ark. 445, 252 S. W. 901, as sustaining his contention that the affidavit is not sufficiently definite in its description of the property to be charged with the lien to comply with the statute defining the practice for the enforcement of the lien. In that case materials had been furnished which had been used in the repair of several of a large number of houses on a plantation consisting of 1,380 acres, and the affidavit mentioned the 1,380-acre tract as a description of the property to be charged with said lien, and it was the opinion of the majority that the description employed was too indefinite. However, the writer of that opinion was of the contrary opinion, and quoted the statement of the law appearing in 27 Cyc. 159 as expressing his view and as sustaining the lien claimant's contention. The statement of the law quoted in that opinion from 27 Cyc. 159 reappears as § 266 of the chapter on 'Mechanics' Liens in 40 C. J. 222, in substantially the same language, which is as follows:

"As a general rule, the fact that the claim or statement described more land than subject to the lien does not defeat the lien as to the land properly subject thereto, if there is no fraudulent intent and no one is injured thereby. Some courts hold that, where the tract on which the improvement is erected is of greater area than the statute allows to be subjected to the lien, a claim or statement describing the entire tract, without specifically describing a portion thereof which is of the permitted area, is sufficient, as in such case it is for the court to decide what portion of the land is to be subjected to the lien; but other courts hold that, under such circum-

stances, the claim or statement must describe the portion of the tract upon which the lien is to be enforced."

In the note to the text quoted, where numerous cases are cited as supporting what is said to be the majority rule, the Arkmo Lumber Company case, *supra,* is cited as among the minority following the requirement of a definite description as a prerequisite to the adjudication of a lien. The majority, however, did not disapprove the rule as stated in 27 Cyc., but were of the opinion that the description there employed was so indefinite and uncertain, under the facts there stated, as not to come within the rule there announced. Speaking for the majority in the Arkmo Lumber Company case the writer there said:

"The majority does not mean to say that either the acre of land on which the lien is sought, or the building thereon, must necessarily be described in any particular form. All that is essential is that the acre of land or the building be designated in such language as will afford information concerning the situation of the property to be charged with the lien. Of course, if the building be described so as to properly designate its location, this is sufficient, for the statute itself fixes the quantity of land to be charged."

The leading case holding that the affidavit for the lien must correctly and accurately describe the particular land upon which the lien is claimed is that of *Ransom* v. *Sheehan,* 78 Mo. 668, which case was cited, among others, in our Arkmo Lumber Company case *supra.* It was there held by the Supreme Court of Missouri that the affidavit for the lien was insufficient in that case, because it was "impractical, if not impossible, to determine from it the acre of ground to be impressed with the intended lien." But it was said in the case of *Powers & Boyd Cornice, etc., Co.* v. *Muir,* 146 Mo. App. 36, 123 S. W. 490, that this case has practically lost its force as a controlling decision by the criticisms to which it was subjected by later decisions of the Supreme Court of Missouri and by other courts which had refused to follow it, and, as was there said, "* * * the life of the Ransom-Sheehan case is practically

destroyed, and what Judge Bond (in 172 Mo. 588, 73 S. W. 137) calls the 'point in decision' is so limited as hardly likely to apply to any other case—certainly not to the case at bar.''

In the case of *Ferguson Lbr. Co.* v. *Scriber, supra,* the attempt to describe with exact certainty the portion of a block in a city upon which a barn was located, in the repair of which the plaintiff's materials had been used, resulted in the description in the affidavit of a portion of the block which was in fact vacant, but we held the affidavit to be sufficient, notwithstanding that fact, and in so holding we said:

''The description of the land here employed was inaccurate, but it was not misleading. Its defect was that, in attempting to describe the land with exact but unnecessary particularity, a mistake was made, but no one could be, or was, misled by it. The barn was a large structure, and was the only building on the lot, and no one could have believed that the materialman was claiming a lien on the part of the lot only on which there was no building of any kind into the construction of which his material had gone, and was claiming no lien on the land on which the building itself stood.''

So here we think no one could be misled as to the building upon which the lien was claimed, and before the trial the complaint was so amended by furnishing the exact description that a decree could be and was rendered against the acre of land upon which the building stood.

We conclude therefore that the affidavit was sufficient, and, as it was made within the time required by the statute, the decree of the court below must be affirmed, and it is so ordered.