James NOLEN et al *v.* Leon PRICKETT et al

80-42                                          596 S.W. 2d 693
Supreme Court of Arkansas
Opinion delivered April 14, 1980

*Raymond R. Abramson,* for appellants.

*Ray & Donovan* and *House, Holmes & Jewell,* by: *David M. Hargis,* for appellees.

JOHN I. PURTLE, Justice. Appellants, James Nolen, J. L. Nichols and Wayne Franzen, d/b/a Clarendon Trucking Company, were sued in the Monroe County Circuit Court by International Harvester Credit Corporation for the balance of a purchase price on a tractor and trailer which had been wrecked. Appellants denied default in payment but admitted the vehicles had been totally destroyed.

Appellants filed a third party complaint against Leon Prickett & Company, Inc., Leon Prickett, Jr., and Carolina

Casualty Insurance Company alleging the third party defendants owed the appellants the amount sued for by International Harvester, damages in an amount yet to be determined, and penalty and attorney fees. They alleged Prickett gave a verbal binder for physical loss insurance on the vehicles through Carolina Casualty Insurance Company.

Motions to quash the third party complaints were filed by the third party defendants. The motions were subsequently granted by the trial court. Appellants argue the trial court erred in granting the motions to quash. We agree with the action taken by the trial court.

Appellants were citizens and residents of Monroe County and were engaged in business in the same county. International Harvester Credit Corporation allowed the appellants to assume a loan balance on a tractor which had been originally purchased by Haleway, Inc. Thereafter, appellants purchased a utility trailer and executed security agreements for payment of the indebtedness. International Harvester Credit Corporation is a bona fide holder in due course of the security agreements. The suit by International Harvester Credit Corporation was for the unpaid balance against the units, together with interest, fees, costs, attorney fees, and all other proper relief.

Appellants then filed the third party complaints alleging that Prickett had issued a verbal binder to cover the vehicles for loss in the event of accident. The third party complaint further stated that Prickett had negligently failed or refused to carry out the agreement. Prickett and Prickett & Company, Inc. are residents of Pulaski County, Arkansas. Carolina Casualty Insurance Company is authorized to do business in Arkansas and has an agent for service listed in Pulaski County, Arkansas; they do not have an office in the state.

We are concerned here with the third party complaint as defined in Ark. Stat. Ann. § 27-1134.1 (Supp. 1977), which was superseded by 14 A.R.C.P., and states in part as follows:

At any time after commencement of an action a defend-

ing party, as third party plaintiff, may cause a summons and complaint to be served upon a person in a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. ***

It was held in *U.S.* v. *Joe Grasso & Sons, Inc.,* 380 F. 2d 749 (5th Cir. 1967), that interpleader under Federal Rule 14 (which is the same as ours and § 27-1134.1, supra) requires that the liability of the third party must be dependent upon the outcome of the main claim. In the present case there simply is no dependency of one claim upon the other. Whether the original complaint fails or succeeds is of no consequence to the success or failure of the third party complaint. The final rule in *Grasso* was that an interpleader would be permitted only in cases where the liability of the third party was to some extent derivative of the outcome of the original complaint.

In the present case, the first complaint by International Harvester was filed for the purpose of collecting the unpaid balance of the purchase price of the vehicles. The proof required in this case would involve whether or not the appellants had actually complied with the terms of their purchase agreement. The third party complaint involves either the tortious negligence of the third party defendants or the contractual liability to pay for the loss of the vehicles. The proof in this matter would go entirely to the value of the vehicles and whether or not an agreement to insure existed.

As stated by very able counsel for appellant, the question here is whether or not the third party complaint is a part of a group or aggregate of operative facts giving ground for reason for judicial action. The only constant in the two cases is the tractor and trailer. However, these vehicles play entirely different roles in the litigation between the two sets of defendants.

As we view the two claims, they do not relate to the same set of operative facts. Regardless of the value of the tractor and trailer, the appellants still owe the balance. Assuming the third party defendants did insure the vehicles, their measure of liability would be the value of the units at the time

of the loss. Any relationship between the two recoveries would be purely coincidental.

It may well turn out that the third party defendants owe the appellants considerably more than appellants owe the original plaintiff. On the other hand, it is possible they will owe less. In any event, two entirely separate sets of facts will be involved. Thus, it would appear that the third party defendants will never be liable to the appellants for all or part of the plaintiffs' claim.

We think the decision of the trial court was one based upon jurisdiction rather than one based upon discretion. At the time of the ruling by the trial court (March 22, 1979), our Rule 14 was not in effect. Therefore, appellants' reliance on *B-W Acceptance Corp.* v. *Colvin,* 252 Ark. 306, 478 S.W. 2d 755 (1972), as not being controlling is in error. The effective date of Rule 14 was July 1, 1979. See 264 Ark. 964 (1979). The only issue raised at the trial level by the third party defendants was that of improper venue. This is not a discretionary matter.

We think the appellees stated the correct rule from 3 Moore Federal Practice 14.04 as follows:

> . . . A defendant cannot assert an entirely separate claim against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim. ***

Therefore, we are of the opinion the trial court made the correct ruling in this case.

In view of the results reached, we do not reach the appellees' argument that all of the third party plaintiffs are not properly before the court.

The case is affirmed and remanded with directions for the trial court to proceed without the third party defendants being included in this suit.

Affirmed.