BIG A WAREHOUSE DISTRIBUTORS, INC. *v.* RYE AUTO SUPPLY, INC., John JOPLIN, and Martin GIPSON

CA 85-524                                    719 S.W.2d 716

Court of Appeals of Arkansas
Division I
Opinion delivered December 3, 1986

*Felver A. Rowell, Jr.*, for appellant.

*W.J. Walker* and *Frank A. Poff, Jr.*, for appellee Rye Auto Supply, Inc.

*Harold W. Madden*, for appellee John Joplin.

*Zachary D. Wilson*, for appellee Martin Gibson.

JAMES R. COOPER, Judge. This is an appeal from the trial court's dismissal of the appellant's third-party complaint with prejudice. On the morning of trial, the complaint was dismissed on the motion of the third-party defendants, appellees John Joplin and Martin Gipson, for failure to state a cause of action. We affirm the court's decision, modifying the dismissal to be without prejudice.

On January 26, 1984, the appellant, Big A Warehouse Distributors, Inc., (Big A) was sued by the appellee Rye Auto Supply, Inc. (Rye) for $15,620.44, the sum Rye alleged was owed by Big A for goods, wares, and merchandise it received from Rye. Big A denied the indebtedness in its answer and on July 25, 1984, with leave of the court, filed a third-party complaint against Joplin and Martin. In granting Joplin and Martin's motion to dismiss, the trial court stated:

> The record will reflect that this is occurring on the morning of the trial. That back in July, we had a pre-trial conference on this matter, at which time the Court expressed it's[sic] utter frustration at the State [sic] of the pleadings. That I have reviewed the pleadings just this morning, again, the third-party complaint, in particular, and the third-party complaint simply states a defense to the claim of Rye Auto, that, if, in fact, it believes, "the beliefs stated are true", they are not as allegations, as I understand it, but they are beliefs that Big A has, that

there was some hanky-panky going on between the managers of these two firms, if they were true, and, as a result of which, Big A did not get the merchandise, Big A had an absolute defense to the claim of Rye. If, on the other hand, there was some hanky-panky, and, in spite of that, Big A got the merchandise, he owes for it. The burden is on Rye Auto to prove that Big A got the merchandise, Big A has an obligation to pay for it, it's that simple.

The allegations against these two managers does not state a cause of action against them, it just simply says that they were engaged in some kind of conspiracy.

Let the record reflect, very clearly, that the Court does not intend to inhibit the defendant from showing a conspiracy, or any hanky-panky, but, to make these two men parties to the action, there's no basis for it. If, in fact, Big A owes for the merchandise, it matters not whether these men were guilty of conspiracy; and, if they didn't get the merchandise, they can show it by the conspiracy, be evidence, but not as a cause of action.

Big A argues that it was entitled to maintain a third-party action because Joplin and Gipson were liable to it for all or part of Rye's claim against it, citing Ark. R. Civ. P. 14. However, Rule 14 also provides that the third-party defendants may raise defenses against the third-party plaintiff as provided in Ark. R. Civ. P. 12. Joplin and Gipson did just that. They moved for a judgment on the pleadings under Rule 12(c), claiming that, under Rule 12(b)(6), the third-party complaint failed to state facts upon which relief could be granted. It is a settled rule of law that a pleading will be judged by its contents. *Martin* v. *Citizens Bank of Beebe*, 283 Ark. 145, 671 S.W.2d 754 (1984). In considering a motion for judgment on the pleadings for failure to state facts upon which relief can be granted, under 12(b)(6), the facts alleged in the complaint are treated as true and are viewed in the light most favorable to the party seeking relief. *McAllister* v. *Forrest City Street Improvement District*, 274 Ark. 372, 626 S.W.2d 194 (1981). A complaint or third party claim must contain a "statement . . . of facts showing that the pleader is entitled to relief . . . ." Ark. R. Civ. P. 8(a). Failure to do so is grounds for dismissal under Rule 12(b)(6); *Harvey* v. *Eastman*

*Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981); *Thompson-Holloway Agency* v. *Gribben*, 3 Ark. App. 119, 623 S.W.2d 528 (1981). The facts constituting the cause of action must be pled in direct and positive allegations, not by way of argument, inference, or belief. *Kohlenberger* v. *Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W.2d 555 (1974). Furthermore, statements of generalities and conclusions of law are not sufficient to state a cause of action. *Files* v. *Hill*, 268 Ark. 106, 594 S.W.2d 836 (1980); *Gribben*, 3 Ark. App. at 123.

■ Upon examination of Big A's third-party complaint, we note that the action Big A is attempting to bring is an action in trover, for the conversion of personal property, in this case the merchandise that Rye claims to have delivered to Big A. To be sufficient, the complaint must state that the plaintiff had a property interest in the subject goods and that the defendant wrongfully converted them. *Sevier* v. *Holliday*, 2 Ark. 512, 576-7 (1840). While a failure to plead either may be cured by a verdict, it is fatally defective upon a general demurrer, or in this case, a motion under Rule 12(b)(6). *Id.*[1] The property interest may be shown by a possession or a present right to possession when the defendant cannot show a better right, since possession carries with it a presumption of ownership. *Arkansas Airmotive Division of Currey Aerial Sprayers* v. *Arkansas Aviation Sales*, 232 Ark. 354, 335 S.W.2d 813 (1960). The act of conversion is "the exercise of dominion over property in violation of the rights of the owner or person entitled to possession." *Quality Motors* v. *Hays*, 216 Ark. 264, 268, 225 S.W.2d 326, 328 (1949). The conversion need not be a manual taking or for the defendant's use: if the defendant exercises control over the goods in exclusion, or defiance, of the plaintiff's right, it is a conversion, whether it is for his own or another's use. *Gentry* v. *Madden*, 3 Ark. 127 (1840).

The third-party complaint is full of inferences, beliefs and conclusions of law; however, after examining the facts alleged in the third-party complaint and taking them all to be true, we find it to fall short of stating a cause of action for trover. While the facts, if true, show that Joplin and Gipson exercised control over Rye's

---

[1] The adoption of the Rules of Civil Procedure abolished general demurrers, replacing them with motions under Rule 12(b)(6). *Files*, 268 Ark. at 111 n.1.

property, at no time does the pleading allege that Big A had any interest in, or right to possess, the property. As noted earlier, an allegation of an ownership interest or right to possession is essential to a case of action for trover. Failure to do so is fatal. This case is similar to the above-cited case of *Quality Motors*, where the court held that the plaintiff could not claim the defendant converted the car when it denied owning the car. Here, the appellant has made no allegation of ownership or right of possession and indeed, in its answer to Rye's complaint, denied ordering or receiving the property.

Big A also contends that the court should have allowed it to put on evidence from which the pleadings could be amended to conform to the truth. In determining whether the court correctly ordered judgment on the pleadings, we look to the allegations appearing in the face of the complaint; evidence proffered and excluded is not to be considered. *See Files*, 268 Ark. at 110-11; Ark. R. Civ. P. 12(c). Indeed, it is improper to look at anything beyond the pleadings, unless the court is treating the motion as one for summary judgment. Rule 12(c); *see Guthrie* v. *Tyson Foods, Inc.*, 285 Ark. 95, 685 S.W.2d 164 (1985). This was not the situation in the case at bar. Amendment of the pleadings is within the discretion of the trial court, unless the evidence has already been presented at trial with the express or implied consent of the parties. Ark. R. Civ. P. 15(b). Here no evidence had yet been presented in the cause, and the third-party defendants had objected to the state of the pleadings. The trial court did not abuse its discretion by refusing to allow Big A the opportunity to shore up its defective pleading with evidence.

Even if the third-party complaint had stated a cause of action, the court's dismissal would not be error. Rye's claim against the appellant was for the payment of accounts. The claim the appellant might have against Joplin and Gipson would sound in trover. The proof in the second cause of action would relate entirely to whether Joplin and Martin converted to their own use property of the appellant. The proof in Rye's cause of action relates solely to whether that same property was delivered to the appellant, making the appellant liable to Rye for payment. The only common denominator in the two cases is the property involved. This case is virtually indistinguishable from the case of *Nolen* v. *Prickett*, 268 Ark. 369, 596 S.W.2d 693 (1980), where

The Supreme Court, in upholding the trial court's decision to quash the appellant's third-party complaint, stated " '. . . A defendant cannot assert an entirely separate claim against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim.***' " 268 Ark. at 372 (quoting 3 Moore Federal Practice 14.04 [sic]). The appellant's claim against Joplin and Gipson constitutes just such a separate claim.

The court, however, should not have dismissed the appellant's complaint with prejudice. The appellant should have had the opportunity to plead further; by dismissing his third-party claim with prejudice, the court denied him that opportunity. *See Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984). Therefore, the order of dismissal is modified to be without prejudice, and the judgment is affirmed as modified.

Affirmed as modified.

CLONINGER and MAYFIELD, JJ., agree.