ARKHOLA SAND & GRAVEL COMPANY, A Division
of APAC-ARKANSAS, Inc. *v.* Rick HUTCHINSON,
Rusty GOODMAN, Martin E. LANCASTER and Sandra
LANCASTER

86-215                                          726 S.W.2d 674

Supreme Court of Arkansas
Opinion delivered March 30, 1987

*Daily, West, Core, Coffman & Canfield*, for appellant.

*Ball, Mourton & Adams*, By: *Stephen E. Adams*, for appellees.

STEELE HAYS, Justice. Arkhola Sand and Gravel Company, appellant, appeals the dismissal of its suit to enforce a materialmen's lien against Martin and Sandra Lancaster, appellees.

The Lancasters, owners of a convenience store, had engaged Rick Hutchinson and Rusty Goodman, defendants below, to build a car wash adjacent to their store. Arkhola sold materials to Hutchinson and Goodman used in the construction of the car wash. When Hutchinson and Goodman failed to pay for the materials Arkhola brought an action against them to collect the amount due and against the Lancasters to impress a materialmen's lien upon their real property pursuant to Ark. Stat. Ann. § 51-601 et seq. Arkhola had followed the procedures outlined in the statutes, including the filing requirements of § 51-613.

The Lancasters moved to dismiss the action on the basis that the lien had never attached. They argued that § 51-613 requires a correct description of the property when a materialmen's lien is filed and Arkhola's description was insufficient. The lien recorded by Arkhola described the land as follows:

Springdale outlots:

Part of the West Half (W½) of the Northeast Quarter (NE¼), Section Twelve (12), Township seventeen (17), Range Thirty (30), containing .79 acres.

There was no specificity as to where within the 20 acre tract the

Lancasters' .79 acre was situated.[1] The trial court held for the Lancasters, found the description insufficient and dismissed the case as to the Lancasters.

On appeal, Arkhola relies primarily on *Whitener* v. *Purifoy*, 177 Ark. 39, 5 S.W. 724 (1928). In that case the description merely described two contiguous forty acre tracts. The court found however that the defendant owned both tracts, that there was only one dwelling house on the land and that there could be no uncertainty as to the tract upon which the lien was claimed. The court stated the description need not be in any particular form and that the essential requirement is that the land or building be designated "in such language as will afford information concerning the situation of the property to be charged with the lien."

Arkhola quotes the above language and insists there is no doubt but that its description gave sufficient notice to any inquiring party of the property to be charged with the lien. Arkhola fails however to show how this is possible based on the limited description it included in its filing. Unlike *Whitener*, where the entire 80 acres was owned by the defendant and there was only one dwelling on the property, Arkhola's description is simply a 20 acre tract and there is no way to determine where within that 20 acres the Lancasters' .79 acre is located or how the particular structure can be identified, or even what kind of a structure it is.

■■ Ark. Stat. Ann. § 51-617 provides for the contents of a complaint when proceeding to foreclose on a materialmen's lien. It states ". . . The petition, among other things, shall allege the facts necessary for securing a lien under this act[.]" Included in the requirements for filing a lien is a "correct description" of the property to be charged with a lien. (§ 51-613). See also, *Chaffin* v. *McFaddin*, 41 Ark. 42 (1883); *Conway Lumber Co.* v. *Hardin*, 119 Ark. 43, 117 S.W. 408 (1915); *Big A Warehouse Distr. Inc.* v. *Rye Auto Supply, Inc.*, 19 Ark. App. 286, 719 S.W.2d 716 (1986). Arkhola failed in its complaint to show that the description required by § 51-613 was sufficient and the court was correct

---

[1] Arkhola amended its complaint to give a description of the exact location of the .79 acre so a decree could be rendered against the property should the court find in its favor. See *Whitener* v. *Purifoy*, 177 Ark. 39, 5 S.W. 724 (1928).

in granting the Lancasters' motion to dismiss the complaint for failure to state facts upon which relief can be granted. ARCP Rule 12(b)(6).

Arkhola further contends that if the description is insufficient, it be allowed to offer extrinsic evidence to show that the description is in fact adequate. Appellant is correct in theory.

While the description was insufficient to state the prerequisites for a cause of action pursuant to § 51-613, that would not necessarily have precluded Arkhola from refiling with a properly stated claim. See *Big A Warehouse, supra*; *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984). Such action would have been possible in this case because as Arkhola submits we have held that extrinsic evidence may be used to show that the description is adequate — that it does in fact "afford information concerning the situation of the property to be charged with the lien." *Whitener, supra.* It was on that basis that the court in *Whitener* found the description sufficient, as it was shown that although the filing description only described two 40 acre tracts, the defendant owned both the tracts in question and there was only one dwelling on the property. Similarly in *In Re Taylor Oak Flooring Co.*, 87 F. Supp. 6, 11 (W.D. Ark. 1949), the court, relying on Arkansas cases, found that while the description was not specific in itself, the defendant owned no other property in the county and upon inquiry one could have been directed to the named company with no difficulty. Among other Arkansas cases, the district court correctly cited *Barnett Brothers* v. *Wright*, 116 Ark. 44, 172 S.W. 254 (1914), for the proposition that extrinsic evidence may be used to show the description is adequate. See also 57 C.J.S., Mechanics' Liens, § 161.

Here, in its answer to the motion to dismiss Arkhola argued that should the court find the description insufficient, it be allowed to offer extrinsic evidence to show the Lancasters owned no other property within the 20 acre tract and the .79 could have been located with certainty and with no possibility that anyone would be misled.

We agree with Arkhola to the extent that it could have pled further to show by extrinsic evidence the description was sufficient. Arkhola's deficiency was failure to state a claim and the trial court did not look beyond the pleadings to reach its

decision. Nor were there any matters outside the pleadings presented to the trial court on this issue. See ARCP Rule 12(b)(8). Accordingly, the trial court correctly granted the motion to dismiss without any mention of prejudice to Arkhola, and Arkhola had an election at that time whether to plead further or appeal. See *Ratliff, supra*; *Big A Warehouse, supra*. Arkhola's actions however, have precluded that possibility.

Arkhola did not plead further but elected instead to appeal to this court, *Arkhola Sand and Gravel* v. *Hutchinson and Lancaster*, 289 Ark. 313, 711 S.W.2d 474 (1986). We declined to hear the case as it was not a final order under ARCP Rule 54(b). Arkhola then sought a final order from the trial court pursuant to Rule 54(b) and appealed again, which is the case now before us challenging the finding that the description was insufficient. Arkhola has now waived its opportunity to plead further and when the case was resubmitted to the trial court for a final judgment under 54(b), it was properly dismissed with prejudice.

While the manner of the trial court's determination under Rule 54(b) had no bearing on our decision, we find it appropriate at this time to address more fully the requirements of that rule. Rule 54(b) provides the means of bringing an appeal of one or fewer than all the claims within a suit, when a final order settling all the claims has not yet been rendered. Under Rule 54(b), the trial court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties, but "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

In January 1986 when Arkhola first appealed from the order of dismissal, it had failed to obtain from the trial court either of the above stated requirements of Rule 54(b). Upon our finding that the dismissal of the Lancasters was not a final order under the rule, Arkhola returned to the trial court and obtained an order which the court thought sufficient to comply with the rule. The order recites the language of 54(b) but contains no facts which support the finding there is no just reason for delay.

As we have held, in order to find there is no just reason for delay, the trial court must find some likelihood of hardship or injustice which would be alleviated by an immediate appeal. *Murry* v. *State Farm Mutual Automobile Insurance Co.*, de-

cided March 6, 1987; *Howard* v. *Wood Manufacturing Co.*, 291 Ark. 1, 722 S.W.2d 265 (1987). Our role on appeal "is not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are judicially sound and supported by the record." *Curtiss-Wright Corp.* v. *General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), (discussing FRCP 54(b) which is identical to our own rule). In order to perform this role we give notice that merely tracking the language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is some danger of hardship or injustice which would be alleviated by an immediate appeal.

Affirmed.