Rose Mary AUSTIN *v.* FIRST NATIONAL BANK OF
FAYETTEVILLE

90-324                                          808 S.W.2d 773

Supreme Court of Arkansas
Opinion delivered May 13, 1991

*Jeff Slaton* and *Esther M. White*, for appellant.

*Mashburn & Taylor*, by: *Timothy L. Brooks*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Rose Mary Austin,
filed suit against appellee, First National Bank of Fayetteville, for

conversion and wrongful dishonor. Appellant's complaint alleged that appellee acted willfully and intentionally with respect to appellant's property and that appellee was therefore liable for punitive damages. Appellee filed a motion for partial summary judgment on the issue of punitive damages. The trial court granted the motion concluding there was no genuine issue of fact as to the punitive damages because there was no evidence that appellee acted with the purpose of violating appellant's right to her property or with the purpose of causing damages. The trial court entered an order which stated it was a final judgment and authorized an appeal pursuant to Ark. R. Civ. P. 54(b). This appeal is from that order.

Ark. R. Civ. P. 54(b) provides the means of bringing an appeal of one or fewer than all the claims within a suit, when a final order settling all the claims has not yet been rendered. Pursuant to Rule 54(b), the trial "court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The order entered by the trial court in this appeal merely recites the language of Rule 54(b) without stating any facts to support the finding there is no just reason for delay.

We have previously held that, "in order to find there is no just reason for delay, the trial court must find some likelihood of hardship or injustice which would be alleviated by an immediate appeal." *Arkhola Sand & Gravel Co. v. Hutchinson*, 291 Ark. 570, 574, 726 S.W.2d 674, 677 (1987). In *Arkhola, supra*, we specifically gave "notice that merely tracking the language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is some danger of hardship or injustice which would be alleviated by an immediate appeal." *Arkhola* at 575, 726 S.W.2d at 677.

As previously noted, the order entered by the trial court in this case merely recites the language of Rule 54(b) without stating any supporting facts. The record is void of any facts to support a conclusion of possible danger of hardship or injustice which would be alleviated by an immediate appeal of the punitive damages issue. Thus, we conclude the order appealed from in this case is not a final order pursuant to Rule 54(b). Moreover, there is

law to indicate an order such as the one entered in this case is contrary to the policy of prohibiting piecemeal appeals enunciated in Ark. R. App. P. 2.

In *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984), we held that an order granting partial summary judgment on the issue of punitive damages was not a final order from which an appeal could be taken. There, we reasoned that:

> We have held in numerous cases that we do not reach the merits of an appeal if the order appealed is not final. [Citations omitted.] In all of these cases we stated that in order for a judgment to be appealable, it must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject matter in controversy. [Citation omitted.] The trial court did not grant summary judgment in the whole case, and we are not in a position to predict what evidence will be presented at trial relevant to all claims for relief sought by the appellants. If this appeal were allowed and we decided the issue on punitive damages and subsequent errors occurred during the trial on the remaining issues, the case could be appealed a second time, resulting in two appeals where one would suffice. This case illustrates simply the reason for the rule that an order must be final to be appealable. See Rule 2, Arkansas Rules of Appellate Procedure. This is a jurisdictional requirement we are obliged to raise even when the parties do not. [Citations omitted.] Accordingly, this appeal is dismissed.

*Fratesi*, 282 Ark. at 214, 666 S.W.2d at 713.

The issue in *Fratesi*, *supra*, is identical to the issue now before us and the result and reasoning applied there is applicable here. Consistent with *Arkhola*, *supra*, and *Fratesi*, *supra*, we hold the order granting partial summary judgment on the issue of punitive damages is not a final, appealable order. Accordingly, this appeal is dismissed.

Appeal dismissed.

NEWBERN, J., concurs.

DAVID NEWBERN, Justice, concurring. Everything written in the Court's opinion is correct. I wish to add my conclusion that

punitive damages is not, in the language of Ark. R. Civ. P. 54(b), one of several "multiple claims" on which "the court may direct the entry of a final judgment." Punitive damages is nothing more than an element of damages sought as part of a claim. Our cases hold it may not even be awarded unless there is an accompanying award of compensatory damages. *Bell* v. *McManus*, 294 Ark. 275, 742 S.W.2d 559 (1988); *Winkle* v. *Grand Nat. Bank*, 267 Ark. 123, 601 S.W.2d 559 (1980).

For purposes of Rule 54(b), a penalty may not be separated from liability to produce "more than one claim for relief" under the Rule. *Reserve Mining Co.* v. *United States*, 514 F.2d 492, 532, n. 78 (1975). This Court would lack jurisdiction of this appeal even if the trial court had given reasons for its finding no need to delay appeal of the punitive damages decision.