**In re CANNCO CONTRACTOR, INC., Debtor.**

**Walter M. DICKINSON, Trustee, Plaintiff,**

v.

**SIMMONS FIRST BANK OF LAKE VILLAGE, ARKANSAS, Defendant.**

**Bankruptcy No. 90–50042.
Adv. No. 91–5057.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 23, 1991.

---

Frederick Wetzel, Little Rock, Ark., for Trustee.

Walter Dickinson, Little Rock, Ark., Trustee.

James Haddock, Lake Village, Ark., for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's Motion to Dismiss the Amended Complaint. The trustee initiated this action alleging counts sounding in fraud, conversion, breach of contract, tortious interference with contractual rights, and equitable subordination. The defendant Simmons First Bank of Lake Village ("the Bank") has moved to dismiss the amended complaint on several grounds, one of which has some merit.

In determining a motion to dismiss, the Court must take all of the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A cause should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The law is clear that Rule 8, Federal Rules of Civil Procedure, is to be liberally construed and motions to dismiss are disfavored. Having reviewed the Complaint, the Motion and the Response, and upon a review of the applicable law, the Court will deny in part and grant in part the Motion to Dismiss.

The trustee alleges that the debtor and the Bank entered into negotiations to bring certain loans current and obtain extensions of financing. During the negotiations, the following proposal was made: Melvin Canatella was to liquidate three parcels of real

property and apply the proceeds to a cure of the defaults on loans, reduce the debt of the loan guaranteed by the SBA, and obtain a reduction of the interest rate on the loan guaranteed by the SBA. In addition, there would be sufficient proceeds for Canatella to infuse approximately $100,000 into the debtor corporation as working capitol. In return, the SBA was to release its first mortgage on the Canatella properties. First Amended Complaint, para. 7. According to the Complaint, the Bank's president made the proposal to the SBA and the SBA agreed. However, the Bank's president misrepresented to the debtor that the SBA rejected the proposal, upon which representation the debtor relied, resulting in damage to the debtor.

■ Applying the liberal rule regarding motions to dismiss, the Motion must be denied with respect to Counts II and V. If all of the allegations are taken as true, the trustee has stated a cause of action for fraud under Arkansas law, *Bishop v. Tice,* 622 F.2d 349 (8th Cir.1980), and for equitable subordination under section 510(c) of the Bankruptcy Code (11 U.S.C.).[1] The Motion will be granted as to Counts I (conversion), III (breach of contract), and IV (tortious interference with contractual relationship).

■ A cause sounding in conversion requires that the plaintiff plead and prove an ownership interest—or at least a superior right—in the item converted and that the defendant violated that right. *Big A Warehouse Distributors, Inc. v. Rye Auto Supply, Inc.,* 19 Ark.App. 286, 719 S.W.2d 716 (1986). In the instant case, the trustee has not so pleaded. Accordingly, Count I will be dismissed.

■ While Count III is titled breach of contract, the allegations sound primarily in lender liability tort. Taken as a contract count, it must be dismissed because the elements of a contract have not been pleaded. Nor, does it appear from the allegations, that a contract was ever formed such that plaintiff could recover under any circumstances in contract. If the plaintiff means to state a count in bad faith, the allegations there, too, must fail because Arkansas has not expanded the bad faith tort outside the scope of insurance claims. *Quinn Companies, Inc. v. Herring–Marathon Group, Inc.,* 299 Ark. 431, 773 S.W.2d 94, 95 (1989). *Cf. Deason v. Farmers and Merchants Bank of Rogers,* 299 Ark. 167, 771 S.W.2d 749 (Ark.1989). Accordingly, Count III will be dismissed.

■ Count IV alleges that the defendant tortiously interfered with a contractual relationship of the debtor. A contractual relationship need not exist in order for this form of action to be maintained: it is sufficient to plead an "unjustified interference with a reasonable expectancy of commercial relations even where an existing contract is lacking." *Mason v. Funderburk,* 247 Ark. 521, 446 S.W.2d 543, 547 (1969) (quoting *Downey v. United Weatherproofing, Inc.,* 363 Mo. 852, 253 S.W.2d 976 (1953)); see *Bishop v. Tice,* 622 F.2d 349. However, in this instance, the Complaint does not even allege any contact between the debtor and the SBA—two of the purported parties to the relationship. This failure makes any "business expectancy" so tenuous as render the count subject to dismissal. While the actions of the Bank may rise to the level of fraud, the acts of the parties—at least as they are pleaded— do not rise to the level of a business expectancy or contract to support such a cause of action.[2] Further, even were there a contract or business expectancy, this count must be dismissed because it appears that the alleged tortfeasor—the Bank—was a party to the purported contract or relationship. *Navorro–Monzo v. Hughes,* 297 Ark. 444, 763 S.W.2d 635 (1989); *Mason v. Funderburk,* 446 S.W.2d at 548.

---

**1.** *See generally, Benjamin v. Diamond,* 563 F.2d 692 (5th Cir.1977); *Schultz Broadway Inn v. United States,* 912 F.2d 230 (8th Cir.1990).

**2.** In so ruling, this Court makes the distinction between the underlying existing business relationship—the lender relationship between the debtor, the SBA and the Bank—and the negotiations to enter into extensions of financing and renewal of loans. The basis of the Complaint regards the latter.

The remainder of the assertions made by the defendants in the Motion to Dismiss are without merit. Accordingly, it is

ORDERED that the Motion to Dismiss First Amended Complaint is granted with respect to Counts I, III, and IV; the Motion is denied with respect to Count II and V.

IT IS SO ORDERED.