James PARDON, Sr., and Imalene Pardon and James
Pardon, Jr., Individually, and James Pardon, Jr.,
Administrator of the Estate of David R. Pardon, Deceased
*v.* SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY

92-644                                     848 S.W.2d 412

Supreme Court of Arkansas
Opinion delivered March 1, 1993

*Bridewell & Bridewell,* by: *Laurie A. Bridewell,* for
appellant.

*Wright, Chaney, Berry & Daniel, P.A.,* by: *William G.
Wright,* for appellee.

ROBERT H. DUDLEY, Justice. David Pardon, the owner
of a pickup truck, purchased a liability insurance policy on the
truck from Southern Farm Bureau Casualty Insurance Com-
pany. The policy contained uninsured motorist coverage. Pardon,
Christopher Thomas, and a third person were in the truck when it
was involved in a one-vehicle accident. Both Pardon and Thomas
were killed. Pardon's estate filed this suit against Thomas's estate
and Southern Farm Bureau Casualty Insurance Company.
Pardon's estate alleged that Thomas was driving Pardon's truck
at the time of the accident, and, as a result, (1) Thomas's estate is
liable in tort because Thomas was negligent in the operation of
the truck, and (2) Southern Farm Bureau Casualty Insurance
Company is liable in contract under the uninsured motorist
coverage provision because Thomas did not have liability insur-
ance and because Pardon was excluded from recovering under his
own liability insurance. The trial court granted summary judg-
ment on the contract count against Southern Farm Bureau

Casualty Insurance Company. The tort suit against Thomas's estate remains before the trial court. Pardon's estate seeks to appeal from the summary judgment granted in favor of one of the two defendants. We dismiss the appeal because the summary judgment from which the estate seeks to appeal is not a final order as to all of the parties, and the trial court did not find a likelihood of hardship or injustice which would be alleviated by an immediate appeal. *See* A.R.C.P. Rule 54(b) & *3-W Lumber Co.* v. *Housing Auth. for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985). The requirements for an order pursuant to A.R.C.P. Rule 54(b) allowing immediate appeal are set out in *Austin* v. *First National Bank of Fayetteville*, 305 Ark. 456, 808 S.W.2d 773 (1991).

Appeal dismissed.