QUINN COMPANIES, INC., et al. *v.* HERRING-MARATHON GROUP, INC. et al.

89-144                                          773 S.W.2d 94

Supreme Court of Arkansas
Opinion delivered July 10, 1989

*Kaplan, Brewer & Maxey, P.A.,* for appellants.

*Wallace, Dover & Dixon,* by: *David A. Couch,* for appellees.

DARRELL HICKMAN, Justice. The appellant, Quinn Companies, Inc., executed two property management contracts with the appellees involving a hotel and an office complex in southwest Little Rock. Quinn was discharged in 1987 and filed suit against the appellees claiming they had engaged in willful and malicious behavior amounting to a "tortious breach of contract." The jury

returned a verdict of $236,806 in favor of Quinn, but the judge set the verdict aside stating it could not be supported by the evidence and that the damages were based on speculation. We affirm.

Two questions are squarely presented by this case: one, do we recognize a cause of action for tortious breach of a contract, and two, are we willing to extend the tort of bad faith beyond the context of insurance contracts? The answer to both questions is no.

The appellants claim we have recognized a cause of action for tortious breach of contract and cite the cases of *Dongary Holstein Leasing, Inc.* v. *Covington*, 293 Ark. 112, 732 S.W.2d 465 (1987), and *L. L. Cole & Son, Inc.* v. *Hickman*, 282 Ark. 6, 665 S.W.2d 278 (1984). We have acknowledged that the same conduct may give rise to either an action in tort or in contract. For example, in *Sterling Drug, Inc.* v. *Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988), we declared that if an employer's conduct in breaching an employment contract is sufficiently egregious or extreme, the employee may claim tort damages in a cause of action for outrage.

In a situation involving sale of goods, we have recognized that a plaintiff may pursue alternative theories of recovery based either on contract or the tort of deceit. *Thomas Auto Co., Inc.* v. *Craft*, 297 Ark. 492, 763 S.W.2d 651 (1989). Clearly, if the facts warrant, a party to a contract may sue on an independent tort claim. But a plaintiff may not transform a breach of contract action into a tort claim by alleging the breach was motivated by malice. The breach itself simply is not a tort. See *Canderm Pharmacal, Ltd.* v. *Elder Pharmaceuticals, Inc.*, 862 F.2d 597 (6th Cir. 1988); *Cotton* v. *Otis Elevator Co.*, 627 F. Supp. 519 (S.D. W.Va. 1986), *aff'd*, 841 F.2d 1122 (4th Cir. 1988); *Martin* v. *Federal Life Ins. Co.*, 109 Ill. App. 3d 596, 440 N.E.2d 998 (1982).

In fairness, we must revise our holding in *Dongary Holstein Leasing* to remove the implication that we recognized a cause of action for tortious breach of contract. The pertinent language in that case is overruled to the extent it is inconsistent with this opinion. We do not find the *L. L. Cole & Son* case should be overruled, although it does contain some isolated language that would lend ammunition to the appellant's theory. But we hold

today that the breach of a contract is not a tort, and those two cases should not be read to say otherwise.

■ The next question is whether we should extend the tort of bad faith to contractual relationships which do not involve insurance claims. In *Aetna Casualty & Surety Co.* v. *Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1983), we held that an insurer may be liable for affirmative misconduct which is dishonest, malicious or oppressive in an attempt to avoid liability under a policy, the components of the tort of bad faith. The holding in *Broadway Arms* has never been extended to establish a claim for bad faith beyond the context of insurance contracts, and we decline to do so in this case. *See generally Battista* v. *Lebanon Trotting Assoc.*, 538 F. 2d 111 (6th Cir. 1976); *Nicholson* v. *United Pacific Ins. Co.*, 710 P.2d 1342 (Mont. 1985).

We find the trial court was correct in setting aside the verdict.

Affirmed.