21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 C. TRIESCHMANN, Appellant,
v.
GATEWAY 2000, INC., Appellee.
 No. 93-2658.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 11, 1994.
Filed: April 5, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Charles Trieschmann appeals the district court's[1] grant of summary judgment in favor of defendant in his suit against Gateway 2000, Inc. (Gateway). We affirm.
 
 
 2
 Trieschmann, an Illinois resident, filed this complaint against Gateway, a corporation with its principal place of business in South Dakota, invoking federal diversity jurisdiction. Trieschmann alleged that he contracted with Gateway to purchase a computer for $3335, with delivery of the computer to "David Farrell," a fictitious name Trieschmann used to prevent Gateway from selling his name to other companies. Trieschmann alleged that after Gateway received full payment in irrevocable money orders, Gateway willfully and wantonly misappropriated the $3335 and tortiously breached the contract. Trieschmann alleged that Gateway engaged in willful and wanton conduct by refusing to deliver the computer, falsely claiming the money orders were lost after it deposited the $3335, falsely claiming it could not trace lost money orders, not responding to his inquiries, delaying the issuance of a refund check for forty-one days after his demand for the return of the money, wrongfully issuing the refund check in the name of "David Farrell," and refusing to reimburse him for compensatory damages. Trieschmann sought $6376.33 in compensatory damages and the greater of $375,000 or 1.5 percent of Gateway's net assets in punitive damages.
 
 
 3
 Gateway moved to dismiss the complaint for lack of subject matter jurisdiction. Gateway asserted that the claim for punitive damages was inappropriate in a contract dispute. Without the punitive damages, Trieschmann did not have the requisite $50,000 claim for diversity jurisdiction. Trieschmann moved for summary judgment, claiming that South Dakota allows punitive damages for willful, wanton, or malicious conduct and, therefore, his complaint properly established grounds for punitive damages. The court construed Gateway's motion as a motion for summary judgment because both parties relied on matters outside the pleadings.
 
 
 4
 After a hearing on the pending motions, the court entered summary judgment in favor of Gateway. Holding that Trieschmann could meet the $50,000 jurisdictional amount only by claiming punitive damages, that his complaint clearly stemmed from a contract dispute, and that South Dakota law does not permit punitive damages in a contract dispute, the court dismissed the complaint without prejudice.
 
 
 5
 Trieschmann filed this timely appeal, arguing that the court erred in not allowing punitive damages for tortious conduct arising from a contract dispute, in finding that the punitive damages claim could not establish federal diversity jurisdiction, and in not exercising its authority to formulate common law on issues of national concern. Trieschmann also contends that he did not seek an excessive amount of punitive damages.
 
 
 6
 In reviewing the district court's grant of a motion for summary judgment, we use the same standard as the district court used: we affirm if the facts, when viewed in the light most favorable to the nonmoving party, entitled the moving party to judgment as a matter of law. Woodsmith Publishing Co. v. Meredith Corp., 904 F.2d 1244, 1247 (8th Cir. 1990). A claim should be dismissed if "it appears to a 'legal certainty' that the plaintiff cannot satisfy the jurisdictional amount." See Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Lastly, we review the court's determination of South Dakota law de novo. See Salve Regina College v. Russell, 499 U.S. 225, 239 (1991).
 
 
 7
 Under South Dakota law, in "any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed[,] ... the jury ... may give damages for the sake of example, and by way of punishing the defendant." S.D. Codified Laws Ann. Sec. 21-3-2 (1987). Thus, Trieschmann was not entitled to punitive damages unless he established an independent tort, separate and distinct from the breach of contract. See Ducheneaux v. Miller, 488 N.W.2d 902, 914-15 (S.D. 1992).
 
 
 8
 The district court correctly held that Trieschmann did not allege independent tortious conduct. Trieschmann's complaint did not allege facts showing that the misappropriation was separate and distinct from the breach of contract. Trieschmann's claim of tortious conduct " 'is so inextricably linked to the cause of action based upon breach of contract as to constitute a single claim.' " O'Neill v. Blue Cross of Western Iowa & S.D., 366 N.W.2d 816, 819 (S.D. 1985) (quoting Ochs v. Northwestern Nat'l Life Ins. Co., 254 N.W.2d 163, 167-68 (S.D. 1977). Furthermore, the complaint did not explain what non-contractual legal duty Gateway breached. See Yankton Prod. Credit Assoc. v. Jensen, 416 N.W.2d 860, 864 (S.D. 1987).
 
 
 9
 Even if the contract resulted in a relationship between the parties from which an independent tort action could arise, Trieschmann's complaint did not provide the basis for punitive damages. South Dakota law requires, that "before ... any [punitive damages] claim may be submitted to the finder of fact, the court shall find, ... based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against." S.D. Codified Laws Ann. Sec. 21-1-4.1 (1987). A person acts willfully or wantonly to the injury of another when the action complained of " 'was conceived in the spirit of mischief or of criminal indifference to civil obligations.' " Dahl v. Sittner, 474 N.W.2d 897, 900 (S.D. 1991) (quoting Hannahs v. Noah, 153 N.W.2d 678, 682 (S.D. 1968)). While Trieschmann might be justifiably dissatisfied with the manner in which Gateway handled his computer order, his complaint did not allege that Gateway conceived of a plan to injure him.
 
 
 10
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota