Jerala GRAYSON, as Personal Representative for the Estate of Daniel Neal Grayson *v.* Bob ROSS, Individually and in His Official Capacity as Crawford County Sheriff, John McAlister and Chris Porter, Each Individually and in Their Official Capacity as a Crawford County Deputy and Michael Sharum, Individually

06-946                                                253 S.W.3d 428

Supreme Court of Arkansas
Opinion delivered March 15, 2007

*Harill & Sutter,* by: *Luther Oneal Sutter, II*; and *Cody Thompson,* for appellant.

*Bachelor & Newell,* by *C. Burt Newell*; and *Ralph Charles Ohm,* for appellee John McAllister.

*Ralph Charles Ohm,* for appellee Chris Porter.

*Nga C. Ostoja-Starzewski,* for appellee Michael Sharum.

R OBERT L. BROWN, Justice. This case involves a question of Arkansas law certified to this court by the Eighth Circuit Court of Appeals. *See Grayson v. Ross,* 454 F.3d 802 (8th Cir. 2006). The facts involve a pretrial detainee, Daniel Neal Grayson, who was incarcerated in the Crawford County Detention Center after his arrest for DWI and who died in jail within hours of his arrest as a result of methamphetamine intoxication and physical struggle, with idiopathic cardiomyopathy as a contributing condition.

Jerala Grayson, as the personal representative of Daniel Grayson's estate, filed suit in Federal District Court for the Western District of Arkansas against Crawford County Sheriff Bob Ross, and three jailers, John McAllister, Chris Porter, and Roy Bass, in their individual and official capacities. She later amended her complaint to add Van Buren Police Officer Michael Sharum,

in his individual capacity as a defendant, and dismissed Bass from the suit. Jerala Grayson's complaint alleged that the defendants had violated Grayson's constitutional rights to medical treatment and due process as secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, redressable under 42 U.S.C. § 1983, as well as violations of rights secured by the Arkansas Constitution, redressable under the Arkansas Civil Rights Act of 1993.

The federal district court granted summary judgment for Ross in his individual capacity and granted summary judgment for Ross, McAllister, and Porter each in their official capacities. The federal district court further granted summary judgment for Sharum after finding that he was entitled to qualified immunity. The federal district court also found that McAllister and Porter were entitled to qualified immunity for their intake of Grayson but not for their post-intake monitoring of him. The latter issue was decided by a jury verdict in favor of McAllister and Porter.

Jerala Grayson appealed the federal district court's order to the Eighth Circuit Court of Appeals and argued, among other things, that the jury was improperly instructed on the appropriate standard under the Arkansas Civil Rights Act. Specifically, she contended that the conscious-indifference standard for serious medical needs should have been given to the jury as the Arkansas standard, rather than the federal standard of deliberate indifference. The Eighth Circuit affirmed on all points except for her argument regarding the proper standard under the Arkansas Civil Rights Act, which it held in abeyance pending this court's response to the following certified question:

> Whether the conscious indifference standard announced by this court in *Shepherd v. Washington County*, 331 Ark. 480, 962 S.W.2d 779 (1998), affords greater protection to pre-trial detainees than the federal deliberate indifference standard.

Our authority to answer certified questions of law is found at amendment 80, § 2(D)(3), of the Arkansas Constitution. Jerala Grayson continues her argument in her brief before this court on the certified question that the conscious-indifference standard announced by this court in *Shepherd v. Washington County*, 331 Ark. 480, 962 S.W.2d 779 (1998), is the Arkansas standard for claims under the Arkansas Civil Rights Act and should have been given in this case. She adds that it is a decidedly lower standard than the

deliberate–indifference standard applied by federal courts to claims arising under 42 U.S.C. § 1983. She urges, accordingly, that the federal district court erred in instructing the jury on the federal standard of deliberate indifference for purposes of the Arkansas Civil Rights Act.

Moreover, because Grayson was a pretrial detainee, she asserts that her claims should have been analyzed under the Due Process Clause of the Fourteenth Amendment and not the Eighth Amendment, which is concerned with punishment after conviction. She concludes that under the conscious–indifference standard, a plaintiff must show that the defendant knew or should have known that his conduct would result in injury, which involves an objective component, while the deliberate–indifference standard requires awareness of the facts, which is a subjective standard. *See Kahle v. Leonard*, 477 F.3d 544 (8th Cir. 2007).

Ross, McAllister, and Porter, who have filed a single brief on the certified question, contend that the conscious–indifference standard is the same standard or similar to the deliberate–indifference standard. They claim, in addition, that the conscious–indifference standard used by this court in *Shepherd, supra*, should not apply in this case because this court limited its holding in *Shepherd* to situations where the conduct of law enforcement officials allowed an inmate to harm third parties who were not detainees.

Similarly, Sharum, who has filed a separate brief on the certified question, argues that the conscious–indifference standard does not afford greater protection to pretrial detainees than the deliberate–indifference standard. He contends that the U.S. Supreme Court has held that a deliberate indifference to a prisoner's serious medical needs constitutes a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. He adds that the Eighth Circuit Court of Appeals has repeatedly applied the deliberate–indifference standard to claims by pretrial detainees that their serious medical needs were not met. He concludes that the Eighth Amendment deliberate–indifference standard applies regardless of whether the plaintiff is a convicted prisoner or a pretrial detainee.

We begin our analysis with a discussion of the U. S. Supreme Court's jurisprudence on this issue. In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and

wanton infliction of pain' . . . proscribed by the Eighth Amendment." (Quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).) The Court explained that a cause of action arises under 42 U.S.C. § 1983 when a prison guard is deliberately indifferent to an inmate's serious illness or injury. *See id.*

The Court later defined the deliberate–indifference standard in *Farmer v. Brennan*, 511 U.S. 825, 837 (1994):

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

The Court explained that "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. The Court added that deliberate indifference is something more than gross negligence, yet less than acting with the purpose to induce harm.

The U.S. Supreme Court, furthermore, has emphasized that the Eighth Amendment's proscription against cruel and unusual punishment does not apply to pretrial detainees. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983). In *City of Revere*, the Court wrote: "The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id.* at 244 (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 (1977)). The Court went on to say that before a formal adjudication of guilt has been acquired, there is no Eighth Amendment application. It added, nevertheless, that the Due Process Clause of the Fourteenth Amendment requires that pretrial detainees receive medical care while in the state's custody. The Court explained that the due–process rights of pretrial detainees "are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id.*; *see also Bell v. Wolfish*, 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pretrial detainee may not be punished prior to an adjudication of guilt, and in reviewing the constitutionality of conditions of pretrial detention, the inquiry is whether the conditions amount to a punishment of the detainee).

Though the issue has never been explicitly decided by the U.S. Supreme Court, the Eighth Circuit Court of Appeals has

applied the deliberate-indifference standard to claims by pretrial detainees that their serious medical needs have been ignored or that state officials have failed to protect them from a serious risk of harm. *See, e.g., Butler v. Fletcher*, 465 F.3d 340 (8th Cir. 2006). Other circuit courts of appeal have held in similar fashion that deliberate indifference is the standard applicable to claims by pretrial detainees. *See, e.g., U.S. v. Gonzales*, 436 F.3d 560 (5th Cir. 2006); *Cavalieri v. Shepard*, 321 F.3d 616 (7th Cir. 2003); *Burrell v. Hampshire County*, 307 F.3d 1 (1st Cir. 2002); *Danese v. Asman*, 875 F.2d 1239 (6th Cir. 1989). This approach appears to be consistent with *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998), in which the U.S. Supreme Court said: "Since it may suffice for Eighth Amendment liability that prison officials were deliberately indifferent to the medical needs of their prisoners, . . . it follows that such deliberately indifferent conduct must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial."

This leads us to a preliminary question that this court must answer before addressing the certified question, and that is what standard has this court adopted, if any, relating to pretrial detainees under the Arkansas Civil Rights Act. The Arkansas Civil Rights Act provides in pertinent part:

> (a) Every person who, under color of any statute, ordinance, regulation, custom, or usage of this state or any of its political subdivisions subjects, or causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress.

Ark. Code Ann. § 16-123-105(a) (Repl. 2006).

In *Shepherd, supra*, this court held that deliberate indifference was not the appropriate standard to be used for injuries perpetrated by an inmate against third parties. We opted, instead, for the standard of conscious indifference and defined that standard as follows:

> [I]n order to show that a defendant acted with conscious indifference, it must appear that he knew or had reason to believe that his actions were about to inflict injury, and that he continued in his course with a conscious indifference to the consequences of his actions, from which malice may be inferred.

*Shepherd*, 331 Ark. at 503–04, 962 S.W.2d at 790 (citing *Freeman v. Anderson*, 279 Ark. 282, 651 S.W.2d 450 (1983)).

The *Shepherd* case, however, did not involve a pretrial detainee or any unmet medical needs of that detainee. It involved a claim under the Arkansas Civil Rights Act against Washington County, the Washington County sheriff, and a Washington County deputy. The deputy sheriff had transported an inmate from the county jail to a private medical clinic to receive medical care. While at the clinic, the inmate disarmed and killed the deputy sheriff and attempted to take the plaintiff as hostage. The plaintiff's husband intervened in the attack and was killed by the inmate. On appeal, the plaintiff urged this court to adopt a gross-negligence standard to be used in analyzing the conduct of the defendants, while the defendants argued that the federal standard of deliberate indifference was appropriate.

This court disagreed with both parties and adopted the conscious-indifference standard for the *Shepherd* facts. In doing so, we explained that it is not necessary for the plaintiff to prove that the defendants deliberately intended for the injury to occur. Rather, we said: "[i]t is enough if it is shown that, indifferent to consequences, the defendant intentionally acted in such a way that the natural and probable consequence of his act was injury to the plaintiff." *Shepherd*, 331 Ark. at 504, 962 S.W.2d at 790 (quoting *Nat'l By-Products, Inc. v. Searcy House Moving Co., Inc.*, 292 Ark. 491, 493–94, 731 S.W.2d 194, 195–96 (1987)). This court held that in order to show that a defendant acted with conscious indifference, the plaintiff must prove: (1) that the defendant "knew or ought to have known, in the light of the surrounding circumstances, that his conduct would naturally or probably result in injury"; and (2) that the defendant "continued such conduct in the reckless disregard of the consequences from which malice can be inferred." *Id.*, 962 S.W.2d at 790 (quoting *Stein v. Lukas*, 308 Ark. 74, 78, 823 S.W.2d 832, 834 (1992)).

A second case where this court referred to conscious indifference in connection with the Arkansas Civil Rights Act is *Williams v. Arkansas Department of Correction*, 362 Ark. 134, 207 S.W.3d 519 (2005). In *Williams*, an inmate filed a claim under the Arkansas Civil Rights Act and alleged that he had been denied prescribed medical care and treatment. He specifically alleged that because he was allergic to wool, he had been issued a prescription for a non-wool blanket from the Arkansas Department of Correction's infirmary. Rather than receiving a non-wool blanket, he

claimed that he was issued a wool blanket with cotton sheets sewed over it. He asserted that the blanket continued to expose him to wool, resulting in itching and rashes.

This court decided *Williams* based on the fact that the inmate did not establish that he had a serious medical need. Hence, the defendants' actions regarding the wool blanket were never analyzed under the conscious-indifference standard. In discussing conscious indifference, we said:

> In *Shepherd v. Washington County*, 331 Ark. 480, 962 S.W.2d 779 (1998), this court rejected the federal standard of "deliberate indifference" for cases arising under the Arkansas Civil Rights Act. Instead, this court opted for a standard of "conscious indifference," as defined by this court's previous opinions. In order to demonstrate that a defendant acted with conscious indifference, a plaintiff must show that the defendant "knew or ought to have known, in the light of the surrounding circumstances, that his conduct would naturally or probably result in injury and that he continued such conduct in the reckless disregard of the consequences from which malice can be inferred." *Shepherd*, 331 Ark. at 504, 962 S.W.2d 779 (quoting *Dongary Holstein Leasing, Inc. v. Covington*, 293 Ark. 112, 732 S.W.2d 465 (1987), *rev'd on other grounds, Quinn Companies, Inc. v. Herring-Marathon Group, Inc.*, 299 Ark. 431, 773 S.W.2d 94 (1989)). Therefore, malice can be inferred either from conscious indifference to the consequences of one's actions or from a reckless disregard of those same consequences. *Id.*

362 Ark. at 139, 207 S.W.3d at 523.

That discussion of conscious indifference in *Williams*, *as applied* in the *Shepherd* case, was correct. But what is important for the purpose of the question certified to this court is that this court did not *hold* in *Williams* that conscious indifference was the standard for all serious inmate health needs under the Arkansas Civil Rights Act. Nor did this court address the appropriate standard for pretrial detainees in *Williams*, since that circumstance was not before us. To the extent that the statement in *Williams* can be read to stand for the proposition that conscious indifference is the standard for all inmate claims under the Arkansas Civil Rights Act, we hold that that is not the case. The use of the conscious-indifference standard is limited to the facts of the *Shepherd* case.

The facts in the case at bar are altogether different from those in *Shepherd* and *Williams*. Grayson was a pretrial detainee, not an inmate serving a sentence, and, according to his personal

representative, his serious personal health needs were unmet. This court, as a result, is presented with a question of first impression. We note again that the Eighth Circuit and other federal circuit courts of appeal have used the deliberate-indifference standard to analyze this issue in connection with pretrial detainees. Though this court is not called upon to answer the question of what standard applies for pretrial detainees under the Arkansas Civil Rights Act as part of the certified question, we adopt deliberate indifference as the proper standard.[1]

█ Because we do not agree with the argument raised by Jerala Grayson that this court has adopted the conscious-indifference standard for pretrial detainees under the Arkansas Civil Rights Act, it is not necessary for this court to answer the precise question posed to us of whether conscious indifference affords more protection to the pretrial detainees than the federal standard. Conscious indifference is not the appropriate standard to be applied in the instant case for purposes of the Arkansas Civil Rights Act.

Certified question answered.

---

[1] Though not exhaustive, our research has revealed no foreign jurisdiction that has adopted conscious indifference as the standard for serious unmet health care needs of detainees or inmates under state civil rights laws.