# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1846

_____

John Harper,                      *

                                *

         Appellant,        *

                                *  Appeal from the United States

    v.                        *  District Court for the

                                *  Eastern District of Missouri.

Marshall Ford Sales, Inc.,    *

                                *  [UNPUBLISHED]

         Appellee.       *

_____

Submitted: February 17, 2010
Filed: February 25, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Oregon resident John Harper filed a complaint based on diversity jurisdiction against Marshall Ford Sales, Inc., a Missouri corporation. The district court dismissed the complaint under Federal Rule of Civil Procedure 12(h)(3). Harper appeals. We reverse and remand for further proceedings.

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, and where the action is between citizens of different states. See 28 U.S.C. § 1332(a)(1). We review de novo a dismissal for lack of subject matter jurisdiction. See Advance Am. Servicing of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008).

In his fee-paid, pro se complaint Harper alleged his state of residency, but not his state of citizenship; and he requested $3,026.81 in actual damages and $150,000 in punitive damages, but he did not allege facts to support his claim for punitive damages under Missouri law. See Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994) (Missouri requires showing of culpable mental state); Allison v. Sec. Benefit Life Ins. Co., 980 F.2d 1213, 1215-16 (8th Cir. 1992) (elements of fraud must be pled with particularity). The district court, on its own motion and before service of process, dismissed the action for lack of subject matter jurisdiction.

On appeal, Harper asserts that the district court should not have dismissed his complaint without providing him notice or an opportunity to amend. We agree. We express no opinion on whether Harper will be able to cure the jurisdictional defects, but we cannot say at this point in the litigation that it appears to a legal certainty that he cannot recover more than $75,000, or that complete diversity of citizenship is lacking. See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36-37 (1st Cir. 2001) (sua sponte dismissal without notice or opportunity to be heard "is disfavored in federal practice," and will rarely be upheld: "If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); Joyce v. Joyce, 975 F.2d 379, 386 (7th Cir. 1992) (unless jurisdictional defect is clearly incurable, district court should allow plaintiff leave to amend, allow parties to argue jurisdictional issue, or provide plaintiff with opportunity to discover facts necessary to establish jurisdiction).

Accordingly, we reverse the district court's dismissal order and remand for further proceedings.

_____